UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE HEREFORD and
DARLEEN HEREFORD,

        Plaintiffs,        CASE NUMBER: 10-14122
                                   HONORABLE VICTORIA A. ROBERTS
v.

OFFICER STIDEA BADGE 402, et al,

        Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**I.    INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion for Reconsideration. (Doc. 5).

**II.    BACKGROUND**

On September 14, 2010, *pro se* Plaintiffs removed this suit from the Thirty Sixth Judicial District Court for Detroit, Michigan. Plaintiffs allege Defendants engaged in several acts of fraud and conspiracy when they towed Plaintiffs' truck. Plaintiffs say that when they recovered their truck from the towing service, the transmission was damaged and eventually stopped working. Plaintiffs allege Defendants engaged in several acts of fraud to cover up their wrongful actions. Additionally, Plaintiffs state in their notice of removal, that the removal is necessary because they cannot get a fair trial in state court due to the state court judges' involvement in conspiracy, extortion, racketeering, RICO, and other alleged crimes.

On October 28, 2010, the Court remanded Plaintiffs' claims because the removal

1

was procedurally improper; a removal is proper only when it is requested for by defendants. Here, the Plaintiffs attempted removal of a claim they originally chose to file in state court.

## III. STANDARD OF REVIEW

A Court will grant a motion for reconsideration if the movant can (1) "demonstrate a palpable defect by which the court and the parties . . . have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration that presents "the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(h)(3).

## IV. ANALYSIS

The Court is mindful that "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Although Plaintiffs' arguments are difficult to discern, they appear to give two reasons why their removal was proper: (1) under *Marbury v. Madison,* 5 U.S. 137 (1803), Plaintiffs have the same right as defendants to remove an action to from state court to federal court; and (2) the Judiciary Act of 1789 gives Plaintiffs the right to remove. Despite Plaintiffs' discussion on the jurisdiction of Article III courts, the Court finds these arguments misguided.

In remanding Plaintiffs' case, the Court noted that the removal statute is clear; "*defendants* desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States . . . ." 28 U.S.C. § 1446(a) (emphasis added).

Although Plaintiffs discuss, in depth, the jurisdiction and powers of the federal courts, the Court did not remand Plaintiffs' claim for lack of jurisdiction. Even construed liberally, Plaintiffs' motion does not appear to address the procedural propriety of removal by a plaintiff.

## V. CONCLUSION

Plaintiffs' Motion for Reconsideration is **DENIED.**

**IT IS ORDERED.**

s/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: November 23, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Ronnie Hereford and Darleen Hereford by electronic means or U.S. Mail on November 23, 2010.

s/Linda Vertriest  
Deputy Clerk